IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARGARET J. BRESHEARS                                                                           PLAINTIFF


v.                                              CASE NO.         12-2094


CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff filed her applications for DIB on September 16, 2009, alleging an onset date of August 20, 2009, due to plaintiff's back pain and diabetes (T. 146).  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on June 24, 2010.  Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 44 years of age and possessed a

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

GED. The Plaintiff had past relevant work ("PRW") experience as a clerical worker, and retail worker. (T. 147).

On October 29, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's diabetes mellitus, obesity and back pain did not meet or equal any Appendix 1 listing. T. 15. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to sedentary work with additional restrictions. T. 18. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as charge account clerk, addressing clerk, and assembly worker. T. 22.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

**A. RFC Determination:**

The Plaintiff first contends that the ALJ erred in determining her RFC by not giving proper weight to the Plaintiff's health care provider APN Peggy DeFoure. (ECF No. 11, p. 10).

The ALJ found that the Plaintiff had the residual functional capacity to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about six hours during an eight-hour workday and can stand and walk for at least two hours during an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant is to avoid concentrated exposure to extreme temperatures, dusts, fumes, gases, odors, poor ventilation, and hazards, such as unprotected heights and heavy machinery. The

>claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, coworkers, the general public, and usual work situations.     T. 18.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record.  *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

On October 20, 2009 (T. 312) and August 3, 2011 (T. 481) APN Peggy DeFoure prepared an Attending Physician's Statement.  Ms. DeFoure was not an attending physician but was an APN who had treated the Plaintiff since November 2008. As such she qualified as an "other source" under the social security regulation.  Other sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists. 20 C.F.R. §§ 404.1513(d), 416.913(d) (2007). Therapists and nurse practitioners are specifically listed as "other" medical sources who may present evidence of the severity of the claimant's impairment and the effect of the impairment on the claimant's ability to work. Id. §§ 404.1513(d)(1), 416.913(d)(1).  *Lacroix v. Barnhart*  465 F.3d 881, 887 (C.A.8 (Iowa),2006).

APN DeFoure opined that the Plaintiff's diabetes, back pain, obesity and hyperlipidemia (?) would interfere with her attention and concentration, affect her ability to tolerate work stress and that she would need to take unscheduled breaks, and have to have a sit/stand/ walk option. She offered no opinion on the number of days the Plaintiff would miss work. (T. 312).

In general the factors for considering opinion evidence include:

- How long the source has known and how frequently the source has seen the individual;
- How consistent the opinion is with other evidence;
- The degree to which the source presents relevant evidence to support an opinion;
- How well the source explains the opinion;
- Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
- Any other factors that tend to support or refute the opinion.  *See Sloan v. Astrue*, 499 F.3d 883, C.A.8 (Iowa), 2007

While Ms. DeFoure has treated the Plaintiff for over a year her opinion is not consistent with the physical evidence.  The source presented no evidence to support her opinion nor did she explain her opinion.  No subjective test were administered to the Plaintiff by Ms. DeFoure.  In all

of 2008 Ms. DeFoure's records never noted that the Plaintiff indicated back pain. (T.271, 272, 269, 268, 267) and the only joint paint which the Plaintiff complained about was shoulder pain and ankle pain.  When she was seen by Dr. Maxwell on January 26, 2009 she was instructed to diet and exercise. (T. 262). When the Plaintiff was seen again by APN DeFoure she indicated no musculoskeletal pain in March 2009 (T. 260) but indicated ankle and arm pain on July 8, 2009 (T. 259).  The Plan, however, was to diet, exercise and loose weight. (Id.). On July 15, 2009 the Plaintiff's joint pain had disappeared but she did complain of depression  (T. 258).  The x-ray of the lumbar spine on August 20, 2009,  just one week prior to the Plaintiff filing for disability, was completely normal. (T. 305). On August 27, 2009 the first report of "low back pain" occurs in APN DeFoure's records. (T. 256).

     APN DeFoure's "Attending Physician's Statement" consist of one page of five questions that can be answered "yes" or 'no".  There is a comment section, but it was left blank in August 2011, and October 2009.  Where the purported opinion consists of nothing more than a checklist form that cites to no medical evidence and provides little to no elaboration, the Eighth Circuit has found that such a general and incomplete assessment is of limited evidentiary value. *See Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) ("The checklist format, generality, and incompleteness of the assessments limit [the assessments'] evidentiary value.").

     Administrative law judge's  determination is entitled to deference because it was based on several valid reasons, *see Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008); and that it was proper for the ALJ to decline to give weight to the vague, conclusory, and unsupported opinions of treating APN DeFoure's opinion.  *See Brown v. Astrue,* 611 F.3d 941, 952 (8th Cir. 2010).

     The Plaintiff also argues that the ALJ did not give proper consideration in his RFC

assessment to the Plaintiff's depression because the ALJ found her Depression to be non-severe. The court notes that the Plaintiff was never diagnosed with depression by her treating physician, Dr. Emerson, between December 2001 and February 2004 (T. 241, 239, 237, 235, 232, 230, 228, 225, 214). Northwest Physician, LLC records show that the Depression box is left blank in August 2007 and November 2008. (T. 251, 269). Her treating physician, Dr. Maxwell, makes no diagnosis of depression in April 2008 (T. 323) or January 2009 (T. 262). The first reference that the court can find to a diagnosis of depression is by APN DeFoure on March 27, 2009 (T. 260). APN DeFoure also notes depression on July 15, 2009 (T. 258) and August 27, 2009 (T. 256) but the court notes that the Plaintiff was never referred for any mental health treatment and was consistently advised to diet, exercise, and lose weight.

The ALJ noted that the record is replete with the Plaintiff failure to follow medical advice and the Plaintiff also noted that she was not taking any medication on the social security form completed September 3, 2009 (T. 154).

The ALJ examined the activities of daily living and found that the Plaintiff had no limitations. They are discussed in detail below.

A treating source's opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir.2005). We will uphold an ALJ's decision to discount or even disregard the opinion of a treating source where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent

opinions that undermine the credibility of such opinions." Id. at 920-21 (internal quotations omitted). In this case the court finds that the ALJ properly discounted the opinion of APN McFoure and properly assessed the Plaintiff's RFC.

**B. Credibility**

The Plaintiff next argues that the ALJ improperly discounted the credibility of the Plaintiff. (ECF No. 11, p. 13). In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002))

The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above RFC (T. 19).

"If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d at 714 (Iowa, 2003); *Human v. Barnhart*, 2006 WL 2422182, 3 (D.Kan.) (D.Kan.,2006)

The ALJ must consider several factors when evaluating a claimant's subjective complaints of pain, including claimant's prior work record, observations by third parties, and observations of treating and examining physicians relating to 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Casey*, 503 F.3d at 695 (8th Cir.2007) (citing *Polaski v. Heckler*, 729 F.2d 1320, 1322 (8th Cir.1984). The ALJ may discount subjective complaints when they are inconsistent with the evidence as a whole. Id. (citing Polaski,

739 F.2d at 1322). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

### 1. Prior Work Record:

In the twenty eight years reflected in her summary of earning the Plaintiff had SGA in only six of those years and in one of those she cleared the presumptive amount by only $92.34. (T. 123). An ALJ may consider a claimant's work record in his credibility analysis. *See Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (ALJ may consider that a claimants sporadic work record reflecting relatively low earnings and multiple years with no reported earnings that showed a lack of motivation to return to work).

### 2. Daily Activities:

The ALJ stated that "Ms. Breshears testified she is able to care for her personal grooming needs without assistance (T. 159), and she reported in Exhibit 4E that she picks her son up from work and then takes her other son to school and picks him up from school in the afternoons. Ms. Breshears also reported in Exhibit 4E that she prepares supper for her husband and son and that she takes cares of pets/animals, drives, shops and performs household chores. (T. 16)." Plaintiff also testified that her daily activities included surfing the internet, playing video games, reading books, and watching television (Tr. 17, 48-50, 52). Despite claiming an inability to perform any work activities, Plaintiff acknowledged that she was attending the University of Arkansas full-time in Fall 2010 to obtain an Associate's Degree, taking English and math courses (Tr. 19, 35, 158, 161).

These activities do not support plaintiff's claim of disability. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the

store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).

### 3. Precipitating and Aggravating Factors:

The sole precipitating and aggravating factor in the Plaintiff's case is her obesity and non-compliance with her medication and diet which weighs against her credibility. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

The Plaintiff has consistently refused to follow her doctor's instruction to diet, exercise, and lose weight. In 2001 her treating physician noted Plaintiff weighed 295 pounds and she admitted to not eating right. (T. 241). In January 2002 Dr. Emerson noted that the Plaintiff was 0% compliant in following her diabetic diet. (T. 239). In July 2003 it was noted that the Plaintiff did not follow a diabetic diet. (T. 225). In January 2004 it was noted that the Plaintiff was not taking her medication or monitoring her blood sugar. (T. 219). In August 2004 it was noted that Plaintiff was only 50% complaint with her diabetic diet, had stopped taking her medication, and her weight was 272 pounds. (T. 211). In November 2008 the Plaintiff indicated she was not taking any medication (T. 268) and was told to diet and exercise by her treating physician (T. 323). The instruction to diet and exercise was restated through 2009. (T. 264, 262). On her medical record dated June 2, 2010 it listed the Plaintiff's weight at 259 pounds.

Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ).  The court has reviewed the record and finds that the ALJ properly discounted the credibility of the Plaintiff.

**C.  Failure to Develop the Record**

The Plaintiff next contends that the ALJ did not fully and fairly develop the record (ECF No. 11, p. 14) contending that the Plaintiff should have undergone a Consultive Mental exam. (Id., p. 15).

The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)).  The ALJ is not required to act as Plaintiff's counsel. *See Clark v.Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

The Plaintiff did not list Depression as a basis for her disability in her application but listed only "severe back pain" and "severe diabetes" and she stated that she had to stop working because "I couldn't stand like I was required to". (T. 146).  She did not list depression in any of her subsequent Disability Reports. (T. 180, 189).  The fact that the plaintiff did not allege the impairment as a basis for her disability in her application for disability benefits is significant, even

if the evidence of the impairment was later developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001).

No mental health professional diagnosed the Plaintiff with depression but the diagnoses was made by APN McFoure for the first time on July 15, 2009 (T. 258). The Plaintiff never sought any specialized treatment for her alleged depression nor was she ever referred for any treatment by her treating physician. It is true that, "[w]hile not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem ." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995). *Id*.;   See *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment) See *Ellis v. Barnhart*, 392 F.3d 988, 994-95 (8th Cir.2005) (although medical source opinions are considered in assessing RFC, final RFC determination is for Commissioner); *Banks v. Massanari*, 258 F.3d 820, 825-26 (8th Cir.2001) (ALJ properly discounted claimant's complaints of disabling depression as inconsistent with daily activities and failure to seek additional psychiatric treatment); cf. *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993) (discrediting report of one-time physician who found disabling mental impairments where mental impairment was not alleged in application, claimant neither previously sought nor was referred for mental health treatment, and treating doctor noted only occasional periods of anxiety).   See also *Johnson v. Bowen*, 886 F. 2d 274 (8th Cir. 1989).

Plaintiff's medical record was detailed and comprehensive, and the entirety of the record does not support Plaintiff's claim that she experienced depression to the level that it affected any basic workrelated function nor does the record demonstrate depressive symptoms or chronic

depression.

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court finds that the ALJ committed no error in failing to obtain a Consultive Mental exam and that he did fully and fairly develop the record.

**D.  Obesity Consideration:**

The Plaintiff next contends that the ALJ committed error because he "should have further discussed her obesity". (ECF No. 11, p. 12).

The Plaintiff did not list her obesity as a basis for her disability but listed back pain and diabetes but was raised by her attorney in his Hearing Memorandum (T. 207). The ALJ adopted the RFC assessment of Dr. Jim Takach, who was aware of the Plaintiff's obesity and ascribed to her the capability to perform sedentary work (T. 332, 333) but that she had Postural Limitations (T. 334). Dr. Takach's opinion was reviewed and affirmed by Dr. Bill Payne (T. 351). *See Prochaska v. Barnhart*, 454 F.3d 731, 736-37 (7th Cir. 2006) (deciding, when an ALJ adopts the opinion of a doctor aware of an obesity claim, the ALJ's failure to consider the claim explicitly is harmless error).

In this case, however, the ALJ did specifically consider the Plaintiff's obesity. The ALJ found Plaintiff's obesity to be severe and acknowledged that, while there was no listed impairment for obesity its effect had to be considered on the musculoskeletal system  (T. 17-18) and that the Plaintiff's complaints of back pain were "most likely exacerbated by obesity". He noted the Plaintiff's weight range during a year and a half but also noted that the x-rays were

completely normal. He also noted the failure to see any specialist for her back pain or received any prescribed pain medication. In adopting the Postural Limitations set forth by Dr. Takach the ALJ made adequate provisions for the Plaintiff's obesity.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this May 17, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE